rane; for appellee, Messrs. H. N. Ryan and Mr. A. E. Harding. Opinion filed April 5, 1886.

No. 1337. Moline Paper Co. v. Union Printing Co. This was assumpsit by appellant, against appellee. A jury was waived, and the cause tried before the court ; and the finding and judgment were for the latter. During the years 1880 and 1881, and the first half of 1882, the printing company purchased paper from the Moline Paper Company to the amount of between $5,000 and $6,000, and various payments were made thereon. Appellant claims that $306.02 is still due, while appellee insists the account has been settled, and paid in full. The difference between the parties is made up of items for paper, charged by the paper company, and not credited by the printing company. It is assigned, and relied on as an error, that the county court admitted improper testimony offered by appellant, and that the finding was against the weight of the evidence. An objection is urged to one of the statements made by the witness, W. J. Harold, that it does not state a fact, but is a mere illustration. This witness testified that the paper received at the printing office usually came by team, but that when only one or two bundles were sent, they came by street car ; that invoices were not received with the paper sent by street car, but that the teamster always brought invoices with the paper delivered by team ; that when the items were checked off they did not always show the same amount as that brought by the teamster ; that " if there were two bundles sent by street car the invoices would call for thirty bundles, and there would only be twenty-eight in the load," and that he knew as a matter of fact that such instances as this occurred during the time he was in the employment of the printing company whenever appellant sent paper by street car. The court is of opinion that the objection to this testimony is not well taken. On the 19th day of July, 1881, appellee wrote a letter to appellant in which it was said : " Enclosed find our check, No. 236, for $54.70 which balances our account to date." Morgan, the cashier, by whom the letter was written, testified that this remittance " balanced our account, with the exception of that which we were buying on ninety days time. " Mr. Everett Wheelock, secretary and treasurer of the paper company, was introduced as a witness

in rebuttal, and testified among other things, that the paper was always sold on ninety days time to the printing company. Thereupon he was asked this question: "Did you examine the books to see what the Union Printing Co. owed you up to July 19, 1881?"—but the question was objected to and the objection sustained by the court. The appellant had introduced, as evidence in chief, its books of account so far as they showed items of account against appellee, i. e., charges for paper sold, but it had not introduced and did not during the trial offer to introduce, credits appearing upon its books for payments made. The evident drift of the question was, to get before the court a comparison of accounts as shown by the debits and credits appearing in the account of appellee upon the books of appellant. This might readily and properly have been done by giving in evidence the credit side of the books. It was not error in the court to refuse to let the witness testify as to the result of a comparison made by him of the portion of the account that was in evidence with the other portion which was not in evidence, but easily in the power of the party introducing him, to produce. The court itself would then have had before it the data for making such comparison, and determining the weight of the corroborating circumstance, if any, thus afforded. With reference to the claim that the finding of the court was against the weight of evidence, the only point at issue was as to the delivery of certain quantities of paper in addition to those shown by the invoices and admitted by appellee, and the burden of proof was upon appellant. The evidence was conflicting, and in any view in which it can be regarded not entirely satisfactory. The court does not feel that it would be warranted in disturbing the finding of the trial court. Judgment affirmed. Opinion by BAKER, J. Judge below, LUCIEN ADAMS. Attorneys, for appellant, Mr. EUGENE LEWIS ; for appellee, Messrs. SWEENEY & LEWIS. Opinion filed April 5, 1886.